IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID P. MILLER, *et al.*, | ) | CASE NO. 1:10 CV 2193 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| FEDERAL INSURANCE CO., *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

This matter is before the Court on Plaintiff/Counterclaim Defendant, Mercer Company's Motion to Compel Federal Insurance Company's Complete Responses to Mercer's Sixth Request for Admission and Mercer Interrogatories 1, 6, 7, 14 1nd 15 and Mercer Company's Motion for an *In Camera* Inspection of Documents Provided by Federal Insurance Company to Plaintiffs During Written Discovery. (ECF #28). Defendant/Counterclaim Plaintiff, Federal Insurance Company ("Federal") filed a Memorandum in Opposition to Mercer Company's Motion to Compel (ECF #34), and submitted the documents requested by Mercer for *in camera* review. Subsequent to the filing of Mercer Company's ("Mercer") Motion to Compel the parties have come to an agreement with regard to the Sixth Request for Admission.

In response to document request propounded by Mercer and other Plaintiffs, Federal

provided documents contained in its underwriting file for the Policy.  There were certain email communications, however, that were redacted prior to disclosure.   There are no allegations that the emails contained or referenced attorney client privileged information, nor are there allegations that Federal's trial counsel or in-house counsel participated in the meeting or the email communications relating to that meeting.[1]  Federal withheld the redacted portions of the emails pursuant to Fed. R. Civ. Pro. 26(b)(3) claiming privilege under the work product doctrine.  The documents are Bates labeled F00788-F00794.  These documents have been designated as "Confidential" pursuant to the terms of the Protective Order filed in this case.  They have been provided to the Court for *in camera* review.

>Federal Rule of Civil Procedure 26(b)(3)(A) provides as follows:
>
>Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:
>　　(i)　they are otherwise discoverable under Rule 26(b)(1); and
>　　(ii)　the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Federal argues that these emails are protected because they document a meeting between its

---

[1]  Although Federal has not argued that either trial counsel or in-house counsel were involved in the email, or the subject meeting, they do point out that Alan Chute, who was included in the email communications is an attorney, and that he is responsible for "evaluating and handling the litigation," as well as "advising and making recommendations to management" relative to the on-going litigations.  Federal does not specifically contend, however, that Mr. Chute was involved as legal counsel to any party,  that he had an attorney client relationship with Federal, or that  his connection with this litigation stemmed from his status as a licensed attorney.  Rather from the submissions provided to the Court, he appears to have been involved in a management capacity in his role as Assistant Vice President and Corporate Liability Regional Coordinator.

representatives held to discuss the coverage litigation instituted by CNG and Miller.

Having reviewed the emails provided, it does not appear that they are the type of documents that were intended to receive the work product protection provided by Fed. Civ. R. Pro. 26(b). Although Federal is absolutely correct that the plain language of the Rule does not exclude from protection documents or tangible things created by non-attorney representatives of the parties, not every communication of a party that may relate to the subject matter of an on-going or potential litigation is protected under the rule. The Rule protects litigation work-product, including documents that reflect trial or litigation strategy and legal analysis.

The emails exchanged do not, on their face, constitute documents or tangible items prepared for trial or other work product in the underlying litigation. Emails setting up a committee meeting between employees are not trial preparation materials. Further an email communication memorializing the basic facts underlying a lawsuit and the initial lay perspective of a company's employees regarding how to address the underlying question or subject matter of a litigation does not constitute protected trial preparation materials. To hold otherwise, this Court would be inviting a sweeping and unwarranted broadening of the long established protections intended to shield documents that disclose trial strategies and mental impressions of lawyers and experts retained to assist a party in prosecuting or defending against civil claims. There is no indication that the redacted documents reflect any actual trial or litigation strategy, or that they directly or inadvertently expose any mental impressions of the lawyers, experts or other consultants hired to protect Federal's interest in this particular litigation.

Mercer also seeks additional disclosures in response to Interrogatories 1, 6, 7, 14, and 15,

consisting of information regarding the location and contact information for potential witnesses identified in Federal's previous responses.

Federal does not argue that Mercer is not entitled to the information at issue with regard to potential witnesses identified in Interrogatories 1, 6, 7, and 15, but rather contends that the Interrogatories themselves did not specifically ask for the contact information now sought by Mercer. Mercer is entitled to receive the contact information for the identified individuals to the extent such information is known by Federal. Implicit in a request to identify these individuals is a request for information sufficient to allow the requesting counsel to contact the identified individual. Further, even if Mercer's original Interrogatories did not specifically request contact information or clearly define identifying information as including contact information, the later communications between the parties make clear that such information was being sought. As Mercer is entitled to the information, the Court sees no reason that this information should not have been provided as a matter of good faith in the discovery process. Rather than asking Mercer to officially amend its Interrogatories in order to obtain this basic, discoverable information, the Court now orders Federal to disclose this information, in so far as it is known.

With regard to Interrogatory number 14, Federal acknowledges that personal contact information was specifically sought by Mercer, but argues that such information is not discoverable because the identified individuals are all current employees of Federal, and cannot, under the rules of ethics, be contacted by Mercer except through the corporation and its attorneys. Federal does not have to provide personal contact information for the individuals named in Interrogatory number 14 to the extent that they are current employees of Federal, and that they (1) supervise, direct, or regularly consult with Federal's lawyers concerning matters

involved in this litigation; (2) have the authority to obligated the organization in any way; or, (3) may have their actions or omissions in relation the matters involved in this litigation imputed to Federal for purposes of civil or criminal liability. Federal, however, must provide access to these individuals through their attorney, and must ensure the delivery of notices and subpoenas to each of these named individuals if such notices are timely provided to Federal's attorneys. Federal must provide personal contact information for any named individuals who do not meet these criteria.

For the reasons set forth above, Mercer's Motion to Compel is GRANTED in part, and DENIED in part. To the extent outlined above, Federal Insurance Company is to disclose to the parties the information sought in connection with Interrogatories 1, 6, 7, 14 and 15. Further, the documents submitted for in camera review are to be disclosed in their unredacted form, subject to any applicable provisions of the Protective Order in place in this litigation. IT IS SO ORDERED.

                                                          /s/ Donald C. Nugent
                                                          Donald C. Nugent
                                                          United Stated District Judge

Date: December 7, 2011